UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHELSEA B.,

                Plaintiff,

v.                                                                                  8:24-cv-01038
                                                                                    (ML)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                                                   OF COUNSEL:

SCHNEIDER & PALCSIK                                       MARK A. SCHNEIDER, ESQ.
  Counsel for the Plaintiff
57 Court Street
Plattsburgh, New York 12901


SOCIAL SECURITY ADMINISTRATION              KATHRYN POLLACK, ESQ.
  Counsel for the Defendant                                  Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## <u>ORDER</u>

Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c),
has been treated in accordance with the procedures set forth in General Order No. 18.  Under
that General Order once issue has been joined, an action such as this is considered procedurally,
as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure.

in connection with those motions on March 16, 2026, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision. This Court SO ORDERED that Plaintiff's Complaint at Dkt. No. 1 is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and failure to exhaust administrative remedies. This Court set forth its reasoning and analysis on the record.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's Complaint at Dkt. No. 1 is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

2)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint without prejudice in its entirety and closing this case.

Dated: March 19, 2026
        Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHELSEA B.,

                                        Plaintiff,

-v-                                     24-CV-1038

ACTING COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
-----------------------------------------------------------x

**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
March 16, 2026
15 Henry Street, Binghamton, NY 13901


For the Plaintiff:

    SCHNEIDER & PALCSIK
    57 Court Street
    Plattsburgh, New York 12901
    BY:  **MARK A. SCHNEIDER, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    6401 Security Boulevard
    Baltimore, Maryland 21235
    BY:  **KATHRYN S. POLLACK, ESQ.**




*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

(The Court and all parties present by video.  Time noted:  2:45 p.m.)

THE COURT:  The Court's going to commence its analysis, reasoning, and decision as follows:  First, the Court notes that plaintiff commenced this proceeding pursuant to Title 42 U.S. Code 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that she was not disabled at the relevant times and, therefore, ineligible for the benefits that she sought.

Procedurally, the Court notes as follows:  Plaintiff applied for Title XVI benefits on January 28th of 2021, alleging an onset date of January 1st of 2008.

Administrative Law Judge Asad M. Ba-Yunus conducted a hearing on May 16, 2022, to address plaintiff's application for benefits, and the ALJ issued an unfavorable decision on June 20th of 2022.  That decision became the final determination of the agency on May 9th of 2023, when the Appeals Council denied plaintiff's request for review.

On May 18th of 2023, plaintiff filed a Complaint in the U.S. District Court for the Northern District of New York challenging the Commissioner's final decision, and that's found at Docket No. 8:23-CV-600, and that was before Magistrate Judge Stewart.  On October 23rd of 2023, the parties stipulated that the decision of the Appeals Council be vacated and remanded for further administrative proceedings, which was so ordered by

Magistrate Judge Daniel J. Stewart.

On November 29th of 2023, the Appeals Council remanded for further proceedings consistent with Judge Stewart's order. Accordingly, ALJ Ba-Yunus conducted a new telephonic hearing on May 23rd of 2024.

ALJ Ba-Yunus issued a new unfavorable decision on August 14th of 2024.

This action was commenced on August 23rd of 2024, nine days after ALJ Ba-Yunus' disability determination.

The Court first turns to the threshold issue of subject matter jurisdiction. Pursuant to Title 42, United States Code, Section 405(g), an individual must obtain a "final decision of the Commissioner" before a federal court can review Social Security benefits determinations. The term "final decision" is not defined in the Social Security Act, but has been clarified by the Commissioner through a series of regulations.

In a case like this, where a court has previously remanded for further administrative proceedings, the ALJ's new disability determination becomes "the final decision of the Social Security Administration" unless the Appeals Council assumes jurisdiction of the case in one of two ways: First -- in the first way, in response to written exceptions filed by the applicant within 30 days of receipt of the ALJ's decision; or two, the second way, by the Appeals Council proactively

exercising jurisdiction over the ALJ's decision within 60 days.

As the notice provided with ALJ Ba-Yunus' August 14, 2014, decision -- I should say August 14th of 2024, so I want to correct that -- that's ALJ's decision of August 14, 2024, that decision explained if the claimant does not file written exceptions and the Appeals Council does not exercise its review powers on its own, the ALJ's decision becomes final on the 61st day following its issuance.

The Appeals Council does not provide notice that it is declining jurisdiction.  Rather, a claimant who elects not to file written exceptions must simply wait for the 60 days to allow the Appeals Council an opportunity to assert jurisdiction. Once that waiting period has expired, the claimant has 60 days to file a complaint in federal court.

Because plaintiff's counsel filed a complaint nine days after ALJ Ba-Yunus' disability determination, this Court issued a text order on February 9th of 2026, directing the parties to brief the discrete issue of whether this Court has subject matter jurisdiction over plaintiff's complaint.

The Court now turns to the parties' supplemental briefs on subject matter jurisdiction and exhaustion.  On February 10, 2026, plaintiff's counsel filed a two-page letter brief on the issue, raising the following points in that letter: First, plaintiff articulated that plaintiff did not file any exceptions to the ALJ's decision, and the Appeals Council did

not assert its jurisdiction before or after the Complaint was filed.  Plaintiff in that letter also contends that even after the Complaint was filed, the Appeals Council could have exercised its authority and "deprived this Court of jurisdiction."

Next, plaintiff articulates in that letter that the Commissioner did not file a motion to dismiss the Complaint as premature.

Plaintiff also contends the matter has been fully briefed and there's no prejudice to the Commissioner if this Court decides it on the merits.

Plaintiff then contends equitable tolling should apply, and plaintiff's letter brief simply mentions equitable tolling, but does not explain how plaintiff satisfies the three requirements.

Plaintiff also in that letter articulates the Social Security Act must be liberally applied to be protective of individuals like the plaintiff, and "the interest of justice and judicial economy" support this Court exercising jurisdiction over the Complaint.

Plaintiff also articulates specifically at page 2 -- and quoting directly from page 2 of plaintiff's letter brief, "In a national Lexis search, plaintiff's undersigned attorney find[s] no reported cases where the district court refused jurisdiction because the plaintiff filed the complaint prior to

60 days after the ALJ's decision when there was no exception pending at the Appeals Council."  Plaintiff goes on to articulate, "Even if there were such a decision, equitable tolling should apply.  This undersigned has several times" -- and I'm quoting now from the page 2 letter, "This undersigned has several times in the past filed the complaint prior to the 60 days and this court has never denied jurisdiction."

Next, on February 17th of 2026, the Commissioner filed a two-page letter brief on the issue, raising the following points:  Defendant articulated in that letter, plaintiff's complaint was filed nine days after the ALJ's decision, and within the 60-day period allowed for the Appeals Council to assume jurisdiction.  "As such, Plaintiff's complaint was prematurely filed," defendant articulated.

Defendant went on to state, after plaintiff filed her Complaint, the Appeals Council prepared the certified administrative record.

The defendant continued in that letter, the Commissioner directs the court's attention to the case of *Gray v. Astrue.*  That's found at 10-CV-3175.  That is a 2012 WL 570064 case.  That's District of South Carolina, issued January 31, 2012, and the Commissioner cites that as persuasive authority.  Defendant articulates in *Gray,* the magistrate judge resolved a prematurely filed case on the merits because the 60-day time period ultimately passed without the Commissioner

moving to dismiss or otherwise objecting.

And in connection with the letter filed by the defendant and the articulating of the *Gray* case, this Court notes that the *Gray* case provides minimal analysis, and the facts are distinguishable.  The *Gray* plaintiff filed a complaint 47 days after the ALJ's decision, and the *Gray* court treated this as an oversight rather than a deliberate tactic.  Here, in our case, counsel for plaintiff appears to have made a practice of prematurely and intentionally filing complaints in federal court prior to administrative exhaustion.  Counsel for Plaintiff admits as much in his February 10, 2026, two-page letter brief.  The Court also notes that in cases in the Northern District of New York at the following dockets, Docket No. 26-CV-209, Docket No. 25-CV-117, Docket No. 24-CV-1352, Docket No. 23-CV-1233, and lastly, at Docket No. 23-CV-654, counsel for plaintiff has prematurely filed complaints before administrative exhaustion.  In the case of Docket No. 23-CV-654 that I mentioned a few moments ago, counsel for plaintiff filed the complaint in federal court on the same day that the ALJ issued their decision.

In citing *Gray*, counsel for defendant seems to be avoiding a concrete statement on waiver of the exhaustion requirements and leaving it up to the Court.  However, even if the Commissioner made an explicit waiver of the exhaustion requirements, there is authority for the Court to disregard it,

given the broader impact on judicial efficiency.  The Commissioner has discretion to waive the exhaustion requirements, but cases may arise where "deference to the agency's judgment is inappropriate."  See, case *Mathews v. Eldridge*, 424 United States 319, at page 330.  And that is a U.S. Supreme Court case, 1976.  This was the principle behind equitable tolling.  However, the same rationale would apply to overruling a waiver in this case, given the broader policy implications of approving a plaintiff ignoring the final decision requirement.  In addition, the Commissioner can provide other administrative relief when the case is dismissed.  See, in *Sech v. Commissioner of Social Security*, 2024 WL 333067, at page 1.  That's a Second Circuit January 25, 2024, case.  Therein, Magistrate Judge Baxter dismissed plaintiff's late complaint as untimely.  The Commissioner waited until the matter was appealed to the Second Circuit before granting administrative permission to file a late complaint, and the matter was remanded to the district court.

In this case, plaintiff requested ten days to file a reply brief if the Commissioner opposed her position and "has a supporting precedential decision from the Second Circuit (or any Circuit)."  Although the Commissioner's brief -- and by brief, the Court means the letter brief, did not meet this criteria, this Court granted plaintiff an opportunity to file a reply.

On February 23rd of 2026, plaintiff filed a

supplemental brief to discuss a recent Second Circuit decision relevant to the merits of this case, but plaintiff provided no further argument or support regarding the exhaustion issue and subject matter jurisdiction.

Lastly, on March 10, 2026, at Docket No. 26, the Commissioner filed a letter brief responding to plaintiff's arguments on the merits.

And then lastly, as noted earlier, the -- on March 16, 2026, at Docket No. 27, plaintiff filed correspondence advising this Court of a favorable disability determination issued on January 26th of 2026, commencing from the date of plaintiff's more recent SSI application of September 19th of 2024.

The Court will begin its analysis as follows:  The parties both recognize that plaintiff's complaint was filed prematurely.

Based on the parties' briefs and this Court's research, the narrow issue presented in this case appears to be one of first impression in the Northern District of New York and in the Second Circuit.  And the issue is -- that is, whether the court has subject matter jurisdiction over a prematurely filed complaint challenging an ALJ's disability determination issued in response to an earlier judicial remand, where plaintiff never filed written exceptions and the Appeals Council did not otherwise attempt to assert jurisdiction.

However, the general principles applicable to sovereign immunity, subject matter jurisdiction, exhaustion, waiver of administrative remedies, and equitable tolling are well-established in Social Security Disability cases.  Thus, this Court draws upon the relevant United States Supreme Court precedent in *Smith v. Berryhill*, 587 U.S. 471, a 2019 Supreme Court case, also, case of *Sims v. Apfel*, 530 U.S. 103, a 2000 U.S. Supreme Court case, *Heckler v. Ringer*, 466 U.S. 602, a 1984 Supreme Court case, also *Califano v. Sanders*, 430 U.S. 99, a 1977 Supreme Court case, and *Mathews v. Eldridge,* 424 U.S. 319, a 1976 U.S. Supreme Court case, and then, additionally, relevant Second Circuit precedent in case of *Iwachiw v. Massanari*, that's 125 F. App'x 330, a Second Circuit 2005 case, and, also, lastly, *Abbey v. Sullivan*, at 978 F.2d 37, a Second Circuit 1992 case.

Following that precedent leads this Court to conclude that the dismissal of plaintiff's complaint at Docket No. 1 without prejudice is both required and appropriate.

This Court notes that paragraph 14 of plaintiff's complaint asserts that ALJ Ba-Yunus' August 14, 2024, disability determination "is a final decision of the Commissioner for purposes of review by this Court."  This statement was inaccurate at the time it was made.  As the parties agree, there was no final decision of the Commissioner when the Complaint was filed on August 23rd of 2024.

To varying degrees, both parties' briefs suggest that

the eventual expiration of the 60-day period for the Appeals Council to assert jurisdiction waives or cures the defect in the prematurely filed Complaint.  This Court rejects this legal interpretation as unsupported by statute or case law.  The exhaustion requirement is a condition on the waiver of sovereign immunity and must be strictly construed.  Such "waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and simply cannot the implied."  The few court to consider similar arguments have rejected them.  See case of *Martin v. Astrue* at 07-CV-928.  That is a District Judge Gary L. Sharpe case, along with Magistrate Judge Lowe.  That's found at 2008 WL 314524, a Northern District of New York, February 4, 2008, case.  And therein, filing -- therein, the case stands for filing complaints seven days after an ALJ's decision "did not give the Appeals Council an opportunity to *sua sponte* assume jurisdiction of the case."  See, also, case of *Linsky v. Astrue*, at 09-3720 SI.  That's found at 2010 WL 3184485, at page 2. That's a Northern District of California, August 11, 2010, case standing for the proposition and finding argument that "the decision of the ALJ on remand is automatically the final decision unless and until the Appeals Council accepts jurisdiction" ignores the "plain text of the applicable regulations."  This Court finds this line of cases more compelling than the limited analysis set forth in the *Gray* case.

Likewise, this Court rejects the suggestion that this

case, which is fully briefed, has proceeded too far to be dismissed on jurisdictional grounds.  This argument ignores the rule that subject matter jurisdiction can be raised by any party or the Court at any time.  It also ignores previous decisions in this court, which have resolved questions of subject matter jurisdiction in Social Security Disability cases after the Administrative Transcript has been filed.  See case *Louisiana S. v. Commissioner of Social Security*.  That's found at 20-CV-130.  And that is a Chief Judge Sannes and Magistrate Judge Hummel case.  That's found at 2021 WL 91691, a Northern District of New York, March 20, 2021, case standing for the proposition requesting supplemental briefing on subject matter jurisdiction after filing of Administrative Transcript and briefing on the merits; see, also, case of *Jaquish v. Commissioner of Social Security*, 16-CV-399.  That is a Judge Suddaby decision, 2017 WL 3917019, a Northern District of New York, September 6, 2017, case.  And, therein, articulating that although neither party briefed the issue, the court dismissed plaintiff's SSI appeal for failure to exhaust before addressing the merits of plaintiff's fully exhausted DIB appeal.

This Court also rejects plaintiff's assertion that this Court has subject matter jurisdiction because "there will be no prejudice to the Commissioner" by overlooking the premature filing and issuing a decision on the merits.  Exhaustion requirements serve the dual purpose of protecting

administrative agency authority and promoting judicial efficiency.  Both the Commissioner and the courts would be harmed by an approach that rendered the statutory and regulatory exhaustion requirements a nullity and incentivized plaintiffs to immediately file their complaint in order to step ahead of litigants who complied with the exhaustion requirements in an already overcrowded federal docket.  That is especially true in cases like this, where the relevant exhaustion requirement is merely waiting for 60 days with the hope that the Appeals Council will decline to act.

The statement from plaintiff's counsel that he has ignored the final decision requirement in similar cases without consequences reinforces this point.  This Court's cursory review finds that plaintiff's counsel has filed at least five such complaints since 2023, including one complaint filed on the same date as the ALJ's disability determination.  Judicial approval of such litigation tactics would only encourage the strategic avoidance of exhaustion requirements.

Plaintiff raises the prospect of equitable tolling, but no extraordinary circumstances exist that would justify such relief.  Applying the traditional three factor test, this Court finds that:  One, plaintiff's claim is not collateral to a demand for benefits, it is the demand for benefits itself.  Two, there's no indication that exhaustion would have been futile. Indeed, exhaustion merely required waiting for 60 days to see

whether the Appeals Council asserted its authority to review. And three, there's no irreparable harm to plaintiff. Courts have generally found irreparable harm -- courts have generally not found -- excuse me, not found irreparable harm where plaintiff may file a new application for SSI benefits. In addition, because dismissal is without prejudice, plaintiff may be able to obtain an extension of time from the Appeals Council to file a new complaint even though the statute of limitations has expired. See case of *Sech v. Commissioner of Social Security,* 2024 WL 333067, at page 1. That's a Second Circuit, January 25, 2024, case.

Finally, this Court rejects the characterization by plaintiff's counsel that this decision involves the Court "refusing" or "denying" jurisdiction. This Court is merely applying the parameters for subject matter jurisdiction established by Congress. While the Social Security Act should be liberally applied, it is well-established that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

Therefore, based on all of this, and as a result, based on these findings, it is so ordered that plaintiff's Complaint, Docket No. 1, is dismissed without prejudice for lack of subject matter jurisdiction and failure to exhaust administrative remedies.

(Time noted:  3:11 p.m.)

16

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 18th day of March, 2026.

s/ Hannah F. Cavanaugh_____

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter